U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MAY 0 4 2026

FILED

Tiffany N. Davis,

Plaintiff,

v.

Richmond County School System,

Defendant.

Civil Action No. **1:26-cv-79**

COMPLAINT

1. This action arises under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. This Court has jurisdiction under 28 U.S.C. § 1331.

2. Plaintiff, Tiffany N. Davis, is an employee of Richmond County School System in Augusta, Georgia.

3. Defendant, Richmond County School System, is a public employer subject to the ADA.

4. Plaintiff has a disability and provided documentation of medical restrictions to Defendant.

5. Plaintiff requested reasonable accommodations to perform the essential functions of her position.

6. Defendant failed to provide effective accommodations and assigned Plaintiff duties that conflicted with her documented medical restrictions.

7. Defendant maintained this workload without modification despite Plaintiff's requests.

8. As a result, Plaintiff experienced adverse employment conditions, including increased workload inconsistent with her restrictions and loss of income, including reduced pay and benefits.

9. Plaintiff raised concerns and requested accommodations, but Defendant failed to adequately address her requests.

10. Defendant's actions caused Plaintiff to require medical leave and resulted in additional economic harm.

11. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on January 29, 2026.

12. The EEOC issued a Notice of Right to Sue on February 6, 2026. A copy of the EEOC Notice of Right to Sue is attached as Exhibit A.

13. This Complaint is filed within ninety (90) days of receipt of that notice.

14. Defendant's conduct constitutes disability discrimination and failure to provide reasonable accommodation in violation of the ADA.

15. Defendant also retaliated against Plaintiff for requesting accommodations and raising concerns regarding her working conditions.

WHEREFORE, Plaintiff requests:

A. Back pay and lost benefits resulting from Defendant's actions;

B. Compensatory damages;

C. Reinstatement or comparable placement;

D. Injunctive relief;

E. Costs of this action and reasonable attorney's fees;

F. Any other relief the Court deems appropriate.

JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Tiffany N. Davis

3207 Denton Drive

Augusta, GA 30906

(706) 294-1028

Tiffnidavis@gmail.com

Date: May 1, 2026

EEOC No. 410-2025-13827 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 410-2025-13827 |
| Georgia Commission On Equal Opportunity | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Miss Tiffany N. Davis

Phone No.:       706-294-1028
Year of Birth:     1983
Mailing Address: 3207 DENTON DR.
AUGUSTA, GA 30906

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Richmond County School System
No. Employees, Members: 101 - 200 Employees
Phone No.: (706) 826-1000
Mailing Address: 3635 Hiers Blvd.
HEPHZIBAH, GA 30815, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Disability

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 11/18/2025
Latest: 01/06/2026

THE PARTICULARS ARE:

I began my employment with the above-named employer on November 20, 2023, as an English Language Arts Teacher. Throughout my employment, I have been subjected to ongoing disparate treatment, compared to my colleagues. Specifically, I was assigned the more demanding and less favorable job assignments. Additionally, I was spoken to negatively and berated by my immediate supervisor. On or about November 2025, I requested a reasonable accommodation. However, my request was only partially implemented. On July 30, 2025, I filed a complaint against my immediate supervisor (Dr. Butler), citing her disrespectful communication towards me and her lack of professional support. Additionally, I complained about the increased workload I received, after requesting an accommodation and taking FMLA leave. On or about November 2025, I received a decrease in my pay, one week after going on FMLA leave. On November 10, 2025, I requested an explanation regarding a pay discrepancy. On November 12, 2025, I received an unclarified response. As of January 6, 2026, my workload has increased significantly. Currently, I have not received any clarification on how the increased workload and expansion of my duties aligns with my approved accommodations.

No remedial action has been taken to quell the unfair, retaliatory, and harassing treatment I have received.

---

EEOC Form 5 (06/24)                                                                 Page 1 of 4

EEOC No. 410-2025-13827 | FEPA No.

I believe I have been discriminated against because of my disability and retaliated against for opposing unlawful practices in the workplace, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Miss Tiffany N. Davis
01/29/2026
_____
Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____
Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____
Printed Name _____

## CP ENCLOSURE WITH EEOC FORM 5 (06/24)

### PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2.  **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/06/2026

**To:** Miss Tiffany N. Davis
3207 DENTON DR.
AUGUSTA, GA 30906
Charge No: 410-2025-13827

EEOC Representative and email:   RALPH COOPER
INVESTIGATOR
RALPH.COOPER@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2025-13827.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
02/06/2026
Darrell E. Graham
District Director

Enclosure with EEOC Notice of Closure and Rights (05/25)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal. You should keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

**are not considered** in determining if the impairment substantially limits a major life activity.

- ☐ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ☐ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ☐ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ☐ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ☐ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.